## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**STEVEN J. TAYLOR,**

> **Plaintiff,**

**v.**                                                    **Case No. 2:13-cv-33339**

**JIM RUBENSTEIN, Commissioner, West Virginia
Division of Corrections, DAVID BALLARD, Warden,
Mount Olive Correctional Complex,
PAUL PERRRY, Associate Deputy Warden of Security,
LT. CLIFFORD, SGT. PENICK, SGT. BLAGG,
CPL. HUDSON, CPL. MARTENS, Correctional Officers,
JOSH WARD, Counselor, and JAMES MCCLOUD,
Unit Manager, each in their individual and official capacities,**

> **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   Pending before the court is a Motion to Dismiss in Part filed by defendants Hudson, Penick and Perry (ECF No. 74) and a Motion to Dismiss in Part filed by defendant McCloud (ECF No. 81).   Both motions seek dismissal of the claims for monetary damages brought against these defendants in their official capacities.

### PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND

The plaintiff's Amended Complaint (ECF No. 5) arises from an alleged use of force against the plaintiff on June 5, 2013.   The plaintiff alleges that he was sprayed with two

bursts of "pepper spray," and was verbally abused and threatened by correctional officers, including defendant McCloud and Hudson.   The plaintiff further alleges that defendants Perry and Penick were present and failed to intervene to stop this conduct.

## STANDARD OF REVIEW

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."   While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."   *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.   The Court wrote:

> Two working principles underlie our decision in *Twombly*.   First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).   Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.   *Id.*, at 556.
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.   While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.   When there are well-pleaded

> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.   "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct."   *Id.* at 678.

The defendants' motions will be reviewed under Rule 12(b)(6) of the Federal Rules

of Civil Procedure and the *Twombly/Iqbal* standard.   Furthermore, as noted recently in

*Haley v. Virginia Dep't of Health*, 4:12-cv-0016, 2012 WL 5494306, at *2 n.2 (W.D. Va.

Nov. 13, 2012), "[t]he Fourth Circuit has not resolved whether a motion to dismiss based

on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or Rule

12(b)(6) . . . The recent trend, however, appears to treat Eleventh Amendment immunity

motions under Rule 12(b)(1) [which provides for the dismissal of claims over which the

court lacks subject matter jurisdiction]."

## ANALYSIS

These defendants assert that, to the extent that the plaintiff has brought claims

against them in their official capacities, any claims for monetary damages cannot survive

because, neither a state, nor its officials acting in their official capacities, are "persons"

under the civil rights statutes.   In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71

(1989), the Supreme Court stated:

> Obviously, state officials literally are persons.   But a suit against a state
> official in his or her official capacity is not a suit against the official but
> rather is a suit against the official's office.   As such, it is no different from a
> suit against the State itself.   We see no reason to adopt a different rule in
> the present context, particularly when such a rule would allow petitioner to
> circumvent congressional intent by a mere pleading device.

3

> We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.   The judgment of the Michigan Supreme Court is affirmed.   [Citations omitted].

Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state.   *Hans v. Louisiana*, 134 U.S. 1, 9 (1980).   Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury.   *Quern v. Jordan*, 440 U.S. 332, 337 (1979).   Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment.   *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).   The Eleventh Amendment, however, permits a federal court to enjoin state officials to conform their future conduct to federal law, which is distinguishable from a retroactive monetary award paid from State funds.   *Id.* at 337.   Thus, the undersigned proposes that the presiding District Judge **FIND** that these defendants are immune from liability for monetary damages in their official capacities under the Eleventh Amendment and, accordingly, such claims must be dismissed.

## **RECOMMENDATION**

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motions to Dismiss in Part filed by defendants Hudson, Penick, Perry and McCloud (ECF Nos. 74 and 81) with respect to the plaintiff's claims for monetary damages against these defendants in their

official capacities.   It is further respectfully **RECOMMENDED** that the presiding District Judge leave this matter referred to the undersigned Magistrate Judge for additional proceedings concerning the plaintiff's remaining claims.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to the opposing parties and Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

October 23, 2015

Dwane L. Tinsley
United States Magistrate Judge

5